```
FILED
Clerk's Office
USDC, Mass.
Date 4/3/19
By _____
   Deputy Clerk
```

UNITED STATES DISTRICT COURT BOSTON MA

C.A.

Riaz Hussain                                    **Civil Docket for Case # 1:19cv-10513-PBS**

V

Rhode Island Hospital Et al

Page | 1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS         SUPERIOR COURT DEPARTMENT      DOCKET NO 19 0271

### PLAINTIFF OPPOSITION TO DEFENDANTS MOTION TO DISMISS

*Or Transfer the case to Proper Venue, the* **District of Rhode Island**

## Defendants Motion Is Self-Defeating

1. **02/27/2019** Plaintiff filed Complaint of Medical Mal Practice against Defendants under the **Massachusetts Long arm Statue** in Norfolk Superior Court.
2. **03/19/2019** Defendants filed **NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT Boston.**
3. **03/25/2019** Plaintiff filed a motion of Opposition to Removal of Action to Federal District Court Boston.
4. **03/26/2019** Defendant Motion to Dismiss **Or Transfer to District of Rhode Island**

5. Plaintiff considers that Defendants **LACK DEFENSE** and are wasting precious time of Hon. Court.
6. **PLAINTIFF RESPONSE** DEFENDANTS MEMMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
7. **PLAINTIFF SUPPORTING REASONS TO DISSMISS OR Transfer to Rhode Island**
   **Paragraphs numbers are as per defendants Motion**
   Plaintiff believes all Defendants MEMMORRANDUM OF LAW and arguments are Miss Quote, Irrelevant and Self Defeating

   I.   **FACTS AND TRAVEL**    Plaintiff agree.
   II.  **FACTS RELAVANT TO JURISDICTIONAL ANALYSIS Plaintiff** agrees in principal.
   III. **LAW AND ARGUMENT** Under the Long Arm Statue of Massachusetts, Norfolk Superior Court has to decide that Issue.

A   **Plaintiff's complaint must be dismissed because the court lacks the personal jurisdiction over the Defendants under Massachusetts Long Arm statue**
   *Plaintiff believes that under the Long Arm Statue Massachusetts Courts do have personal Jurisdiction over the Defendants.*

## Defendants are doing Tip Toe Dancing and wasting Hon. Court Precious Time

**02/27/2019** Plaintiff filed Complaint of Medical Mal Practice against Defendants under the **Massachusetts Long arm Statue** in Norfolk Superior Court.

03/19/2019 Defendants filed NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT Boston.
03/25/2019 Plaintiff filed a motion of Opposition to Removal of Action to Federal District Court Boston.
03/26/2019 Defendant Motion to Dismiss **or Transfer to District of Rhode Island**

Page | 2

## <u>*Plaintiff believe that Defendants cannot have both way*</u>
**Defendants transfer the case to Federal District Court Boston**
**Now saying Federal District Court Boston does not have Jurisdiction**
<u>Massachusetts Long Arm Statue dose allow Plaintiff to file complaint in Massachusetts Courts</u>

"Nor there any evidence that the Defendants Solicited the Plaintiff to have Medical care in Rhode Island" *(Defendants Motion Page 6)*
**Defendants do solicit business from Neighboring Hospitals and state**

I. **Defendants did not transact business in Massachusetts**
II. **Defendants did not contract to supply services or things in Massachusetts.**
   Defendants accept patients from other States in Trauma Center of Rhode Island Hospital, and by doing so Defendants attempt to participate in the commonwealth economy.

III. **Defendants did not cause tortuous injury by an act of omission in Massachusetts.**
   Defendants did cause injury by act of omission
   i. **By not seeing the Plaintiff postoperatively**
   ii. **No Physiotherapy Instruction Post-Operatively**
   iii. Discharging Plaintiff with **Hospital Acquired pneumonia**
   iv. Many other reasons described fully in Complaint.
IV. **The Defendants did not cause tortious injury in Massachusetts by an act outside of the Commonwealth as they do not regularly do or solicit business or engage in other persistent conduct or drive substantial revenue from goods used or consumed or services rendered in Massachusetts.**
   Defendants accept patients from other States in Trauma Center of Rhode Island Hospital, and by doing so Defendants attempt to participate in the commonwealth economy, **a Source of Large Revenue.**
V. **The Defendant does not have an interest in using or possessing any real property in Massachusetts.**
   No comments.

    VI.    **The Defendants have not contracted to insure any person, property or risk located within Massachusetts**
        *Plaintiff lack any information reserve the right to add in future.*

    VII.    **The Defendants do not maintain domicile in Massachusetts while parties to family court issue**
        *Plaintiff lacks that information. Reserve the right to add in future.*

Page | 3

    VIII.    **The Defendants have not been subject to the exercise of personal jurisdiction in Massachusetts that resulted in family court.**
        *Plaintiff lacks any information, reserve the right to add in future.*

**B.    EXERCISING JURISDICTION OVER THE DEFENDANTS DOES NOT COMFORT WITH CONSTITUTIONAL REQUIREMENTS OF DUE PROCESS**

    *Plaintiff believes he has the right to file complaint in Massachusetts under the Long Arm Statue Not only that, it should be argued in Massachusetts Court. For the sake of Justice Plaintiff complaint should be allowed for Trial.*

    i.    **The Defendants did not engage in continuous or systematic contract with Massachusetts such that are subject to general jurisdiction.**
        *Defendants did engage in continuous systemic contract by giving Plaintiff post-operative appointments.*

    ii.    **The Courts lacks specific jurisdiction over the Defendants.**
        *Plaintiff disagree, Both Norfolk superior court and Federal District court does have specific Jurisdiction over Defendants, by Long arm Statue.*

1. **Relatedness**
   *Defendants everyday seeks patients from Massachusetts or for that matter any state.*
2. **Purposeful Availment**
   *Defendants on daily bases seek business from Massachusetts.*
3. **Reasonableness of Exercise of Jurisdiction**
   *When weighing the factors, seeking business from Massachusetts on daily bases it is clear that Massachusetts Court has the right to exercise Jurisdiction.*

**C.    IN THE ALTERNATIVE DOCTRINE THE COURT SHOULD DISMISS THE CASE UNDER THE DOCTRINE OF FORUM NON CONVENIENS OR TRANSFER THE CASE TO THE STATES DISTRICT FOR THE <u>DISTRICT OF RHODE ISLAND</u>**

    *Furthermore notions of fairness strongly favor litigating the matter in the Plaintiff State as statue of Long Arm is specifically design for that purpose.*

**IV    CONCLUSION**
**FOR THE FAIRNESS OF JUSTICE**

    i.    ***Defendant has not submitted any evidence against plaintiff Complaint of medical Mal-Practice.***

    ii.    ***Plaintiff believes*** that he has the inherent right to file the case in his home state.

     ***iii.***    *The defendant motion to DISMISS or TRANSFER THE CASE TO FEDERAL DISTRICT COURT OR RHODE ISLAND should be disallowed.*
     ***iv.***    *Plaintiff move the Hon. Court that, Case should be sent back to Norfolk Superior court*

Page | 4

Respectfully submitted

*[signature]*

Riaz Hussain *Pro Se*
April 1st. 2019

    I Riaz Hussain certify that I mail the foregoing opposition to defendant Attorney PRICE DOLAN & KERSHAW, Mark P. Dolan Esquire 77 Pine Street Suite 300, Providence Rhode Island 02903, on April 1st, 2019 by US Mail; Postage paid

*[signature]*
Riaz Hussain

**Plaintiff understand that a copy of forgoing opposition to be mailed to Federal District Court Boston with copy of Defendants Motion <u>by Defendant Attorney.</u>**